**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ACCELERATE DIAGNOSTICS, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10837 (KBO) |
| ANKURA TRUST COMPANY, LLC, as Liquidation Trustee,<br><br>Plaintiff,<br><br>-against-<br><br>TOKU-E COMPANY,<br><br>Defendant. | Adv. No. 26-_____ (KBO) |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550, AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Ankura Trust Company, LLC, as Trustee of the Liquidation Trust (the "**Plaintiff**", or "**Trustee**"), in the above-captioned chapter 11 cases (the "**Bankruptcy Cases**"), by and through its undersigned counsel, files this complaint (the "**Complaint**") to avoid and recover transfers against TOKU-E Company ("**TOKU-E**" or the "**Defendant**") and to disallow any claims held by Defendant. In support of this Complaint, the Plaintiff alleges the following upon information and belief:

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Accelerate Diagnostics, Inc. (2256). The Debtor's service address for purposes of this chapter 11 case is: 3950 South Country Club Road, Suite 470, Tucson, AZ 85714.

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, (a) all preferential transfers of property that occurred during the ninety (90) day period (the "**Preference Period**") prior to the commencement of the bankruptcy proceedings of Accelerate Diagnostics, Inc. ("**Accelerate**" or the "**Debtor**")[2] and its affiliate, pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtor to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Bankruptcy Cases are captioned *In re: Accelerate Diagnostics, Inc., et al.*, Case No. 25-10837 (KBO).

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders for matters contained herein.

5. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409(a).

---

[2] On March 23, 2026, the Court entered the Order Closing the Chapter 11 Case of the Debtor's affiliate, Accelerate Diagnostics Texas, LLC [D.I. 364].

6. The statutory and legal predicates for relief sought herein are sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7. Pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Plaintiff states that it consents to the entry of final orders or judgments by the United States Bankruptcy Court for the District of Delaware (the "**Court**") if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**PROCEDURAL BACKGROUND**

8. On May 8, 2025 (the "**Petition Date**"), the Debtor and its affiliate filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

9. On July 10, 2025, the Debtor and its affiliate filed the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Accelerate Diagnostics, Inc. and Accelerate Diagnostics Texas, LLC* [D.I. 214] (the chapter 11 plan portion thereof, the "**Plan**", as may be modified, supplemented, and/or amended from time to time, and together with the disclosure statement portion thereof, the "**Combined Plan and Disclosure Statement**").[3]

10. On August 13, 2025, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Approving Adequacy of Disclosures on a Final Basis and Confirming the Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Accelerate Diagnostics, Inc. and Accelerate Diagnostics Texas, LLC* [D.I. 252] (the "**Confirmation Order**").

---

[3] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement.

11. The effective date of the Plan occurred on August 20, 2025 [D.I. 254] (the "**Effective Date**"). In accordance with the Plan and Confirmation Order, the Liquidation Trust was duly established and in existence, and the Liquidation Trust Agreement was executed, each as a condition precedent to the Effective Date.

12. Pursuant to the Confirmation Order and Article IX of the Combined Plan and Disclosure Statement, the Liquidation Trust Assets, including the Causes of Action and Avoidance Actions, were transferred to the Trust.

13. Pursuant to Article II of the Combined Plan and Disclosure Statement, General Unsecured Claims comprise an impaired class of creditors, and no recovery is expected to be available to them.

## THE PARTIES

14. As more fully discussed in the Combined Plan and Disclosure Statement, Accelerate was a life-saving diagnostics company that developed and marketed innovative technologies aimed at improving the rapid identification and antibiotic susceptibility testing of serious infections. Accelerate generated revenue through its sale or lease of their proprietary diagnostic systems to customers including large healthcare systems, academic medical centers, and hospital laboratories, throughout the United States and internationally.

15. Pursuant to the Plan, Confirmation Order, and Liquidation Trust Agreement, the Trustee was appointed to serve as the Trustee of the Trust and is authorized and has standing, among other things, to prosecute and settle certain causes of action under chapter 5 of the Bankruptcy Code, including this avoidance action.

16. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor to or for the Debtor. Upon further information and belief, at all relevant times,

Defendant's principal place of business is located at 4112 Bakerview Spur, Bellingham, WA 98226. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of Washington.

## FACTUAL BACKGROUND

17. Prior to the Petition Date, the Debtor maintained business relationships with various business entities, through which the Debtor regularly purchased, sold, received, and/or delivered goods and services. The Debtor also regularly paid for services used to facilitate their businesses.

18. The Debtor's financial difficulties that led to the decision to file the voluntary petitions are attributable to a combination of factors, all of which placed significant stress on the Debtor's liquidity position in the months leading up to the Petition Date. A summary of the Debtor's prepetition operations, debt structure, and factors that led to the Bankruptcy Cases are set forth in the Combined Plan and Disclosure Statement and are incorporated herein by reference.

19. As of the Petition Date, the Debtor utilized a cash management system (the "**Cash Management System**") for the collection, concentration, management, and disbursement of funds in the Debtor's businesses. As of the Petition Date, the Cash Management System consisted of five (5) bank accounts maintained at various financial institutions, including Silicon Valley Bank, JP Morgan Chase Bank, and Empower Bank.

20. Disbursements to vendors were made from a single account ending in 5789, held by Silicon Valley Bank (the "**Operating Account**").

21. The Debtor drew upon the Operating Account to pay operational costs, including payment to vendors, suppliers, distributors, and other creditors, including Defendant.

22. During the Preference Period, the Debtor continued to operate its business affairs, including the transfer of property, either by check, wire transfers, ACH transfers, direct deposits, or otherwise to various entities.

23. Upon information and belief, during the course of their relationship, the Debtor and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "**Agreements**"). The Agreements concerned and related to the goods and/or services provided by Defendant to the Debtor as described in the "Parties" section of this Complaint.

24. Plaintiff has determined that Accelerate made transfer(s) of an interest of its property to or for the benefit of Defendant during the Preference Period through payments aggregating to the amount not less than $10,345.00 (the "**Transfer**" or "**Transfers**"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference.

25. Plaintiff has completed an analysis of all readily available information of the Debtor and seeks to avoid all of the transfers of an interest of the Debtor's property made by Accelerate (or its affiliate) to Defendant within the Preference Period.

26. On or about October 24, 2025, prior to filing the Complaint, Plaintiff, through counsel, sent a demand letter (the "**Demand Letter**") to Defendant, seeking a return of the Transfer(s). The Demand Letter requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same. Plaintiff also performed its own due diligence evaluation of the reasonable knowable affirmative defenses available to Defendant.

27. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the

reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

28. During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is the Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest in its property to or for the benefit of Defendant or any other transferee. The Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the payments, (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's names, (iv) additional defendants, and/or (v) additional causes of action (collectively, the "**Amendments**"), if applicable, that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CAUSES OF ACTION

### COUNT I
### (Avoidance of Preference Period Transfer(s) — 11 U.S.C. § 547)

29. Plaintiff incorporates all preceding paragraphs as if fully set forth herein, to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

30. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, Accelerate made one or more Transfers to or for the benefit of Defendant in an aggregate amount not less than $10,345.00.

31. Each Transfer constituted a transfer of an interest in property of Accelerate.

32. Defendant was a creditor of Accelerate at the time of each Transfer by virtue of supplying the goods and/or services identified in this Complaint and in the Agreements to

Accelerate, as more fully set forth on Exhibit A hereto, for which Accelerate was obligated to pay following delivery in accordance with the Agreements. *See* Exhibit A.

33. Each Transfer was to or for the benefit of a creditor within the meaning of section § 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by Accelerate to Defendant.

34. Each Transfer was made for, or on account of, an antecedent debt owed by Accelerate to Defendant before the Transfer was made, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Accelerate as set forth on Exhibit A hereto.

35. Each Transfer was made while Accelerate was insolvent within the meaning of § 547(b)(3). Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

36. Each Transfer was made during the Preference Period within the meaning of section 547(b)(4)(A) of the Bankruptcy Code, and as set forth on Exhibit A.

37. As a result of each Transfer, Defendant received more than Defendant would have received if (i) Accelerate's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code within the meaning of sections 547(b)(5)(A)-(C) of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case, the Debtor's liabilities exceed their assets to the point that holders of general unsecured claims are not expected to receive payment on account of their respective allowed claims from the Debtor's bankruptcy estates.

38. In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

**COUNT II**
**(Recovery of Avoidable Transfer(s) — 11 U.S.C. § 550)**

39. Plaintiff incorporates all preceding paragraphs as if fully set forth herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

40. Plaintiff is entitled to avoid each Transfer pursuant to 11 U.S.C. § 547(b) (each an "**Avoidable Transfer**", and collectively, the "**Avoidable Transfers**").

41. Defendant was the initial transferee of each Avoidable Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

42. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**COUNT III**
**(Disallowance of all Claims — 11 U.S.C. § 502(d) and (j))**

43. Plaintiff incorporates all preceding paragraphs as if fully set forth herein, to the extent they are not inconsistent with allegations contained in this Third Claim for Relief.

44. Defendants are transferees of transfers avoidable under section 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

45. Defendant has not paid the amount of each Avoidable Transfer, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

46. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's chapter 11 estates or Plaintiff must be disallowed until such time as Defendant

pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

47. Pursuant to 11 U.S.C. § 502(j), any all claims of Defendant, and/or its assignee, against the Debtor's chapter 11 estates or Plaintiff previously allowed by the Debtor or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant the following relief against Defendant:

A. On Plaintiff's first and second claims for relief, judgment in favor of the Plaintiff and against Defendant, avoiding each Transfer and directing Defendant to return to Plaintiff the aggregate amount of the Avoidable Transfers, pursuant to (i) 11 U.S.C. § 547(b) and (ii) § 550(a)(1) and/or § 550(a)(2), plus interest at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

B. On Plaintiff's third claim for relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Plaintiff until Defendant returns the Avoidable Transfer(s) to Plaintiff pursuant to 11 U.S.C. §§ 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: August 6, 2026
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark D. Olivere*

Mark D. Olivere (No. 4291)
Aaron J. Bach (No. 7364)
Alison R. Maser (No. 7430)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: olivere@chipmanbrown.com
bach@chipmanbrown.com
maser@chipmanbrown.com

*Counsel for the Plaintiff*

Of Counsel:
Adam D. Cole
CHIPMAN BROWN CICERO & COLE, LLP
The Graybar Building
420 Lexington Avenue, Suite 442
New York, NY 10170
Telephone: (646) 685-8363
Email: cole@chipmanbrown.com

# EXHIBIT A

**Bankruptcy Case: 25-10837-KBO Accelerate Diagnostics, Inc., *et al*.**

**Preference Period: February 7, 2025 - May 8, 2025**

**Preferential Transfer:**

| Debtor Entity | Vendor Name | Date of Payment | Payment Amount |
|---|---|---|---|
| Accelerate Diagnostics, Inc. | TOKU-E Company | 3/19/2025 | $10,345.00 |